of 1928, as to Elimination of Grade Crossings of Streets and Avenues (including Lengthwise Occupation) by Railroads, etc., and as to Plan and Modification of Plan Therefor.— Order affirmed, with costs. All concur.

HENRY SPRENGER, Respondent, v. AARON FYBUSH and JEFFERSONIAN HOLDING CORPORATION, Appellants, and MITCHELL D. B. SMITH, Defendant.— Judgment affirmed, with costs. All concur.

MARY MCCLUNG PARDEE, Appellant, v. PHOENIX INDEMNITY COMPANY, Respondent.— Order affirmed, with ten dollars costs and disbursements. All concur.

In the Matter of the Estate of JESSE HOMAN PARDEE, Deceased.— Order entered November 14, 1932, affirmed, with ten dollars costs and disbursements. All concur.

FRANK X. SCHERER, Respondent, v. EAST SIDE NATIONAL BANK OF BUFFALO, N. Y., Appellant.— Judgment and order affirmed, with costs. All concur except Crosby, J., who dissents and votes for reversal on the law and facts and for granting a new trial.

In the Matter of the Judicial Settlement of the Accounts of FIRST TRUST AND DEPOSIT COMPANY, as Trustee for C. HALSTED YATES, under the Last Will and Testament of CHARLES A. YATES, Deceased.— Decree affirmed on the opinion of Evans, S. [144 Misc. 409], without costs of this appeal to any party. All concur.

PHILLIP GORDON, Respondent, v. HERBERT M. WITHINGTON and the MARIETTA CONCRETE CORPORATION, Appellants.—As to the defendant Withington, judgment reversed on the facts and a new trial granted, with costs to the appellant to abide the event, unless the plaintiff shall, within ten days, stipulate to reduce the verdict to the sum of $1,581.50 as of the date of the rendition thereof, in which event the judgment is modified accordingly and as so modified is affirmed, without costs of this appeal to either party. As to the defendant corporation judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the finding of the jury that the defendant Withington was acting as the servant of the corporation at the time the accident took place is against the weight of the evidence. All concur.

MILLIE GORDON, Respondent, v. HERBERT M. WITHINGTON and the MARIETTA CONCRETE CORPORATION, Appellants.—As to the defendant Withington judgment affirmed, with costs. As to the defendant corporation judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event on the ground that the finding of the jury that the defendant Withington was acting as the servant of the corporation at the time the accident took place is against the weight of the evidence. All concur.

RALPH GORDON, an Infant, etc., Respondent, v. HERBERT M. WITHINGTON and the MARIETTA CONCRETE CORPORATION, Appellants.— As to the defendant Withington judgment affirmed, with costs. As to the defendant corporation judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event on the ground that the finding of the jury that the defendant Withington was acting as the servant of the corporation at the time the accident took place is against the weight of the evidence. All concur.

HOMER GORDON, an Infant, etc., Respondent, v. HERBERT M. WITHINGTON and the MARIETTA CONCRETE CORPORATION, Appellants.—As to the defendant Withington judgment affirmed, with costs. As to the defendant corporation judgment and order reversed on the facts and a new trial granted, with costs to